UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAQUEL HULIN AND LOUISIANA FAIR HOUSING ACTION CENTER<br><br>Plaintiffs,<br><br>v.<br><br>C & R APARTMENTS, LLC<br><br>Defendant. | CIVIL ACTION NO.<br><br>**Jury Trial Requested** |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiffs Raquel Hulin and the Louisiana Fair Housing Action Center ("LaFHAC"), by and through undersigned counsel, bring this action for declaratory relief, injunctive relief, and damages against Defendant C&R Apartments, LLC, alleging discrimination on the basis of familial status in violation of the Fair Housing Act ("FHA") set forth in Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601, *et seq.* The Defendant made housing unavailable to Plaintiff Hulin by refusing to rent certain apartments to tenants with children and making discriminatory statements about tenants with families. In response to Defendant's policy, Plaintiff LaFHAC's mission was frustrated and the organization diverted resources to combat Defendant's discrimination in the community.

### JURISDICTION AND VENUE

2. This is an action alleging housing discrimination on the basis of familial status in violation of the FHA.

3. This Court has subject matter jurisdiction over Plaintiff's claims arising under federal law pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 3613. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367.

4. Declaratory and injunctive relief is sought pursuant to 42 U.S.C. § 3613(c)(1), as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

5. Venue is proper in the United States District Court for the Eastern District of Louisiana under U.S.C. § 1391(b) because the events or omissions giving rise to the Plaintiff's claim occurred there, and the property that is the subject of this suit is located there.

## PARTIES

6. At all times relevant to this complaint, Plaintiff RAQUEL HULIN was a resident of Slidell, Louisiana and is a citizen of the United States.

7. Plaintiff LOUISIANA FAIR HOUSING ACTION CENTER, INC. is a private, non-profit fair housing advocacy organization with a mission to eradicate housing discrimination in Louisiana and an "aggrieved person" as defined by the Fair Housing Act.

8. LaFHAC seeks to promote equal housing opportunities in all housing transactions, including rentals. The organization advances its mission through a variety of activities, such as education, outreach, counseling, investigation, advocacy, and enforcement.

9. Upon information and belief, Defendant C&R Apartments, LLC was at all times relevant to this complaint the owner of the subject property located at 1201 Lake Avenue, Metairie, LA 70005. The subject property is a two-story multifamily structure with units on both floors.

10. At all times relevant to the complaint, Defendant had knowledge that discriminating in leasing on the basis of familial status violates federal fair housing laws.

11. At all times relevant to the complaint, Defendant had knowledge that steering tenants with children to certain areas of the property violates federal fair housing laws.

## FACTUAL ALLEGATIONS

12. In June of 2020, Plaintiff Hulin was seeking housing for herself and her four-year-old son.

13. On or about June 6, 2020, Ms. Hulin contacted Defendant's property via phone.

14. Ms. Hulin's phone call was answered by an employee of the Defendant, who upon information and belief, was named Regina. Her last name remains unknown.

15. Regina asked Ms. Hulin how many persons would be residing in the unit, to which Ms. Hulin responded that there would be two.

16. Regina then asked Ms. Hulin if the two persons were two adults, to which Ms. Hulin clarified that the two people would be her and her young son.

17. Regina then told Ms. Hulin, "you will need a first-floor unit then." Ms. Hulin understood this to mean she was not being given the opportunity rent all available units at the property because she has a child.

## LAFHAC'S TESTING

18. On June 11, 2020, Ms. Hulin reported the discrimination she faced at C&R Apartments to LaFHAC, a non-profit fair housing advocacy organization with a mission to eradicate housing discrimination in Louisiana.

19. Upon receipt of Ms. Hulin's complaint, LaFHAC undertook an investigation of Defendant's property. LaFHAC engages in testing and other investigations of housing discrimination. It employs "testers," who pose as prospective residents, renters, and homebuyers, to obtain information about the conduct of housing providers for the purposes of determining if

housing discrimination is taking place. Testing is an investigative tool that has long been utilized by the United States Department of Justice and fair housing organizations as an essential means to detect and confirm discriminatory practices that may otherwise go undetected.

20. On June 15, 2020, LaFHAC became aware of a vacancy at C&R Apartments, 1201 Lake Avenue, Metairie, LA 70005.

21. On June 15, 2020, a tester posing as a prospective tenant with a child contacted C&R Apartments. The tester stated that she was looking for a two bedroom for the end of June, to which the leasing agent stated she did not have any units available for that timeframe.

22. The agent then asked the tester how many people were in her family and how many children she had. When the tester stated she was looking for a unit for her and her daughter, the agent replied "we don't house children on the second floor, so how old is your daughter?"

23. In response, the tester clarified the agent's statement, asking "you don't allow children on the second floor?" The agent responded "Right, we don't allow small children on the second floor. If child is 7 or 8 then maybe." When the tester inquired why this was the case, the agent answered "it's our policy."

24. When the tester stated that she was looking to keep her rent under $850/month, she was told by the agent that there was nothing available for less than $900, despite their being an available unit on the second floor for $850/month. The agent repeated the Defendant's policy of not allowing children on the second floor an additional two times.

25. The very next day, on June 16, 2020, a tester posing as a prospective tenant without a child contacted Defendant C&R Apartments. The tester stated that she was looking for a two-bedroom unit.

26. Defendant's leasing agent stated that there was both an upper level and bottom level two-bedroom unit available at the end of the month. When the tester inquired further, she was told that the bottom level unit was reserved for a waiting list of seniors in wheelchairs, so the upper level unit was the only one available.

27. In addition to being offered an upper level unit, the second tester was offered the unit for $850/month.

28. LaFHAC's testing confirmed Ms. Hulin's allegations that the Defendant has and enforces a discriminatory policy of not allowing families with children to rent upper-level units of their property, which makes housing unavailable to prospective tenants on the basis of familial status.

## INJURY SUFFERED BY PLAINTIFF HULIN

29. C&R Apartments discriminated against Ms. Hulin on the basis of familial status by making upper level units at the property unavailable to her because she had a child.

30. As a result of Defendant's conduct, Ms. Hulin suffered economic injuries, including increased rent, moving costs, and storage fees, as well as embarrassment, humiliation, and emotional distress as a result of experiencing discrimination.

31. Immediately upon experiencing the discrimination by Defendant, Ms. Hulin felt as if she had been "slapped in the face."

32. Ms. Hulin was unable to find comparable housing in the Metairie area, where she was already living at the time, that was at or around the same price as the unit rented by Defendant, and eventually moved into an apartment in Slidell for higher rent.

33. Moving to Slidell was extremely taxing for Ms. Hulin because her son has special needs and therefore finding a new school for him took a significant amount of effort, as the school

had to be equipped to accommodate his needs. Changing schools also required the development of a new individualized education plan (IEP) for her son. Further, changing schools was incredibly stressful on her son, which required Ms. Hulin to make frequent trips to his school to attend to him, thereby causing her hardship.

34. With respect to the conduct alleged above, the Defendant is liable as owner, operator, and manager of the subject property.

## INJURY SUFFERED BY PLAINTIFF LAFHAC

35. LaFHAC's efforts in furtherance of its mission have been directly harmed by Defendant's discrimination against individuals on the basis of familial status.

36. After Ms. Hulin's complaint to LaFHAC, the organization undertook an investigation of Defendant's property, which involved the commitment of time and resources.

37. Among other investigative actions, LaFHAC's Coordinator of Investigations and auxiliary staff created the testers' rental profiles, coordinated the tests, and analyzed and summarized the calls and site visits. LaFHAC further expended funds to compensate the testers for the specific tests they conducted at the Property.

38. In order to undertake the testing investigation, LaFHAC diverted its investigative resources from other investigative projects and activities in furtherance of its mission. The diversion of resources occasioned by the Defendant's discriminatory conduct impaired or impeded these projects and activities.

39. LaFHAC also dedicated resources to counteracting the effects of Defendant's discrimination in the community. Such resource expenditure included LaFHAC's dedication of staff time and organizational funds to engage in education and outreach activities narrowly targeted to counteract the Defendant's specific discriminatory practices.

40. The education and outreach activities undertaken to counter the specific discriminatory practices undertaken by the Defendant included the creation and geographically targeted distribution of materials addressing familial status discrimination, social media and website posts addressing familial status discrimination, working with community partners to best reach the communities affected by the discrimination, and outreach to local schools to conduct trainings related to fair housing rights and familial status discrimination.

## CAUSES OF ACTION

## COUNT I

### Fair Housing Act, 42 U.S.C. § 3604

41. Plaintiffs reallege and incorporate herein by reference the allegations set forth above.

42. By the conduct set forth above, Defendant

   a. discriminated in the rental of, refused to negotiate for the rental of, or otherwise made a dwelling unavailable because of familial status, in violation of 42 U.S.C. § 3604(a) and 24 C.F.R. §§ 100.60 and 100.70; and

   b. made or caused to be made a statement with respect to the sale or rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, in violation of 42 U.S.C. § 3604(c) and 24 C.F.R. § 100.75.

43. With respect to the conduct alleged above, Defendant C&R Apartments, by and through its agent, acted with willful disregard, malice, or reckless indifference that its actions violated the Fair Housing Act.

44. Plaintiff Raquel Hulin is an aggrieved person within the meaning of 42 U.S.C. § 3602(i), has been injured by the Defendants' discriminatory conduct, and has suffered damages, including emotional distress, as a result.

45. Plaintiff LaFHAC is an aggrieved person within the meaning of 42 U.S.C. § 3602(i), has been injured by the Defendant's discriminatory conduct, and has suffered damages, including diversion of resources and frustration of mission, as a result.

46. Accordingly, Plaintiffs are entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs pursuant to the FHA, 42 U.S.C. § 3613(c).

## COUNT II

## NEGLIGENT SUPERVISION AND TRAINING UNDER LOUISIANA LAW

47. Plaintiffs reallege and incorporate herein by reference the allegations set forth above.

48. Under Louisiana law, C&R Apartments had a duty to avoid causing injury and harm through negligent supervision and training of its agents and employees.

49. Under Louisiana law, C&R Apartments was negligent in the supervision and training of its employee/agent insofar as the supervision and training lapses provided said agent with an opportunity to violate federal anti-discrimination laws. These lapses were the proximate cause of foreseeable injury to Plaintiffs.

50. Upon information and belief, Defendant C&R Apartments failed to provide its agent with any or adequate training related to the obligations not to discriminate in violation of applicable civil rights laws.

51. By and through the actions of its employees/agent, Defendant C&R Apartments breached its duty to Ms. Hulin and LaFHAC.

52. But for the actions of Defendant C&R Apartments and its employee/agent, neither Ms. Hulin nor LaFHAC would have suffered the injuries and damages that are at issue in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court award the following relief:

A. Enter a declaratory judgment that the discriminatory conduct of the Defendant set forth above violated the Fair Housing Act;

B. Enter an injunction against Defendant, its agents, employees, successors, and all other persons in active concert or participation with them that:

  i. enjoins them from discriminating on the basis of familial status in violation of the Fair Housing Act;

  ii. requires them to take affirmative steps to prevent the recurrence of discriminatory conduct in the future, including training, implementation of non-discrimination policies and procedures, reporting requirements, and any other steps that may be necessary;

C. Award Plaintiff Raquel Hulin compensatory damages for her economic losses, embarrassment, humiliation, and emotional distress;

D. Award Plaintiff LaFHAC compensatory damages for frustration of mission and diversion of resources;

      E.      Award Plaintiffs punitive damages that would punish Defendants for the willful, malicious, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

      F.      Award Plaintiffs their reasonable attorneys' fees and costs incurred in this action; and

      G.      Award any additional relief that is just and proper.

Respectfully Submitted,

*/s/ Sarah Carthen Watson*

Sarah Carthen Watson
(La. Bar No. 40098)
LOUISIANA FAIR HOUSING
ACTION CENTER, INC.
1340 Poydras Street, Suite 710
New Orleans, LA  70112
Phone: (504) 708-5291
Email: scarthenwatson@lafairhousing.org

*/s/ Perry Graham*
Perry Graham (La. Bar No. 38241)
LOUISIANA FAIR HOUSING
ACTION CENTER, INC.
1340 Poydras Street, Suite 710
New Orleans, LA  70112
Tel: (504) 708-2130
Email:  pgraham@lafairhousing.org